JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6651 PA (RCx) | Date | October 12, 2010 |
|---|---|---|---|
| Title | Fairway Physicians Ins. Co. v. The Medical Protective Co. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant The Medical Protective Company ("Defendant") on September 7, 2010. (Docket No. 1.) Plaintiff Fairway Physicians Insurance Company's ("Plaintiff's") Complaint, filed in Los Angeles County Superior Court, asserts claims for equitable contribution, equitable indemnity, equitable subrogation, and declaratory relief. Defendant asserts that this Court has subject matter jurisdiction on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). In contrast, the citizenship of a partnership or other unincorporated entity is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP , 437 F.3d 894, 899 (9th Cir. 2006); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co. , 299 F.3d 643, 652 (7th Cir. 2002).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6651 PA (RCx) | Date | October 12, 2010 |
|---|---|---|---|
| Title | Fairway Physicians Ins. Co. v. The Medical Protective Co. | | |

Here, Defendant has failed to properly allege Plaintiff's citizenship. Defendant merely alleges that Plaintiff "was and is a risk retention group organized and domiciled in the District of Columbia, and a citizen of the District of Columbia." (Notice of Removal, ¶ 7). To support this allegation, Defendant points to the Complaint, in which Plaintiff alleges it is a "Washington, D.C.-domiciled risk retention group" (Notice of Removal, Ex. A, p. 9), and Plaintiff's web page, on which it states that it is "[r]egulated by the District of Columbia Department of Insurance" (Notice of Removal, Ex. D). However, these allegations are insufficient.

Because Defendant merely alleges that Plaintiff is a "group," it is unclear whether Plaintiff is a corporation or an unincorporated entity. If Plaintiff is a corporation, then Defendant must affirmatively allege both Plaintiff's state of incorporation and its principal place of business. See Fifty Associates v. Prudential Insurance Co. of America, 446 F.2d 1187, 1190 (9th Cir. 1970) ("[A]n allegation that a corporation is a citizen of a certain state (without more) is not an allegation of fact, but a mere conclusion of law" that is inadequate to establish diversity jurisdiction.). Although Defendant makes the conclusory allegation that Plaintiff is a "citizen of the District of Columbia," there are no allegations regarding Plaintiff's principal place of business. If Plaintiff is not a corporation, but an unincorporated entity, Defendant must allege the citizenship of all of Plaintiff's members. However, Defendant has not listed either Plaintiff's members or their citizenship. As such, Defendant's allegations are inadequate to establish diversity jurisdiction.

For the foregoing reasons, Defendant has failed to meet its burden of showing that federal question or diversity jurisdiction exists over this action. Accordingly, because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles County Superior Court, Northwest District, Case No. L0090723. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.